v. Malkin, 25-440-1. Mr. Griggs, am I correct that you have reserved two minutes for rebuttal? Yes, Your Honor. Okay. You are welcome to proceed when ready. Thank you. Good morning. May it please the Court. My name is John Wyeth Griggs. I represent Sasha Pardee's appellants here and plaintiffs in the case below. We are here today on appeal of the order of the Honorable Annalisa Torres, District Court Judge of the Southern District of New York, dated January 30, 2025, denying our motion for leave to file an amended complaint and dismissing our case against the Malkin party. Judge Torres ruled that the arbitration award entered on August 24, 2020 is res judicata as to all of the claims set forth in our proposed second amended complaint. So let me just make sure. You agree that the three individuals who are named as defendants in the second amended complaint were respondents in the arbitration. Is that correct? Yes. Okay. So right now the only question we need to figure out is whether the same parties in the corporate entity is the same or in privity with the entity's involvement in arbitration. Would you agree with that? Yes, Your Honor. Okay. So we are supposed to rely on allegations in your complaint. Is that correct? Yes, Your Honor. Okay. Well, then, if we have Malkin Holdings in your own complaint saying that they just changed their name to ESRTMH Holdings, what are we deciding? I don't deny that there's privity with respect to the defendants. What we did say is that there are unnamed defendants that we would like to add to the complaint, specifically ESRT. Why didn't you say that's what a second amended complaint is for? Yes, when we drafted it, Your Honor, the docket had not been, it was not available to us to make a motion because the judge was, the docket, we had moved to reopen the file and file our second amended complaint. And we did not put that issue in it at that time. We thought if the case were re- Why? Why we didn't put it in that time? Because we felt that we could get the relief against the ESRT parties that we did name. And I believe that if we got back to the court that we would make a motion to add ESRT as a follow-up. The question is whether you're entitled to follow up after the case is over. Well, we believe that there are sufficient claims that were not covered by the arbitration. In fact, were ruled out by the arbitration, by the arbitrators. And those claims are- He refused to hear them? He or she or they refused to hear the- I'm sorry, Your Honor? Did he refuse to hear them? You say they were ruled out by. What does that mean? We had made a motion to add a claim for abuse of the investors and abuse of the process during the arbitration. And that was denied by the arbitrators. It was denied on the merits? No, we were not allowed to bring the claim. There's a ruling that the arbitrators made after hearing us. And they said we deny your motion to add abuse of process, but without your right to bring that in another forum. But that claim isn't in your proposed second amended complaint, is it? Well, we-  Our claim for abuse of process was not a technical abuse of process type of claim. We were claiming that the investors were abused throughout the proxy solicitation. And we included that in the proposed second complaint. And it's in paragraph 191 where we assert these abuses against the investors. And we are asking for relief for that in the second amended complaint. But didn't the arbitrators already rule on that? If it's not technically called abuse of process, did the arbitrators not already rule on so-called abuse of the investors? They did not. They did not rule on the issue of the Malkins abuses of the investors, which included sending threatening letters to people who were opposed to the consolidation. Wasn't it covered in the catch-all dismissal that the arbitrators included? We submit it was not. They did not address that issue in the arbitration award. Wasn't it included in the catch-all? What did they include in the- I said, wasn't it included in the sweeping statement that the arbitrators made to the effect that we considered all these other claims, we found none of them to be of merit? None of those other claims was-the claims with respect to abuse of investors were not addressed by the arbitrators except in the sweeping declaration that you made. Okay, that's what I thought. Thank you. Okay, so I think your argument then is that a general statement that we have considered everything and we are declining to decide in your favor is not sufficient? That's what I'm claiming.  Why, though? Like, when we are in a position where we have to review something for a criminal case, for example, and there's a certain process, we have to be able to make sure that somebody is able to- that we're able to determine that there weren't improper motivations or reasoning. Why is that statement, when the issue was raised before them, not sufficient to cover this issue? Well, it's applying the collateral estoppel standard. If a claim is not actually litigated and necessarily decided- But aren't we kind of going into the difference between an issue preclusion argument and a res judicata argument? I mean, isn't that what you're implying? Yes, we're saying that- So why wouldn't it be enough for res judicata there? I'm sorry? Why isn't the general we considered everything in decline, and why isn't that enough for res judicata even if it's not enough for issue preclusion? Your Honor, the- If the judge's ruling that res judicata applies and that's dispositive and we don't have to apply or consider a collateral estoppel, it is- we submit as incorrect in the situation where there are additional claims, new claims, claims that they did exclude, that one ruling. And it didn't- since there are new claims that were not covered, we are submitting that the broad just general dismissal of all claims that we didn't specifically address is insufficient. The claim that we- these abuse claims were raised and they didn't rule on them, so that's why we believe that they're still- It's sort of interesting that we and I guess virtually all of our opinions have language at the end that says we have considered everything else that they raised and decided that they were without merit, period, and that's the end of the case. Something to think about. Before you just sit down, I'm hoping you can spend a little time on the letter briefing argument. What exactly was the prejudice you think you experienced? In the letter briefing process, we believe that we were not accorded the advantages that normally apply under Rule 15a and 12b-6 in terms of leave being freely granted and the allegations of the pleading being construed in our favor. What does that have to do with letter briefing, and why did you not ask the magistrate judge for additional briefing? We went through several rounds of briefing and we made the arguments. We didn't know where he was going to come out. One never does, does one? That's right, but we did raise these issues before the magistrate judge and also in our objections to his report and also our objections to the report. Judge Perez asked you how you were prejudiced. How were you prejudiced by the letter writing? By the letter writing itself, I believe the process got off track and it's focused on issues that were not the main issues. You would agree that we usually give district courts a lot of latitude on how to structure its briefing and to move their cases along. Yes, you're right. Can you explain to me why this was outside the discretion? One thing, it took a long time, and the other thing is we believe that the points made, as we explained to the judge in our objections to the report, were just incorrect. Part of the reason that I'm struggling is that whatever way the decision was presented, it ultimately came down to whether or not the proposed second amended complaint stated a plausible claim upon which relief could be granted. I need some help for you to explain to me why letter briefing did not allow you to make the arguments you needed to make with respect to that. Your Honor, I believe the letter briefing process, if it's spelled out, if it takes so long and we're spending time answering issues that are not on point, it just is a process that is not favorable to the plaintiff. The grounds for that are explained in the objections we made after the magistrate report was put out. Okay, thank you. We'll hear from you again on rebuttal. Thank you. May it please the Court, Tom Dewey for Appelese, and I want to start by thanking the Court for its scheduling consideration. It's very clear that Judge Lehrberger and then Judge Torres both got this exactly right, and there's absolutely no basis to disturb those rulings. I just have a few points today. Okay, well, I first want to start off with, he says that there, or your colleague on the other side says that there can be no res judicata if they did not get to present a claim. Why is that wrong? So they got to present all of these claims in the second amended complaint, period, full stop. The only quote-unquote claim that the arbitrators said they could not actually assert in the arbitration is a claim for abuse of process. But as Judge Preska noted, the claim for abuse of process is not in the second amended complaint. It was not asserted. More broadly, the arbitrators clearly rejected all of the factual underpinnings of what would have been an abuse of process claim. They gave them enormous latitude. The arbitration went on for six years, 39 hearing days. The arbitrators went and issued a 98-page award, even though the plaintiffs hadn't actually paid their fees. So the notion that there should be any limitation on the preclusive effect given to the arbitration award is just totally off base. Second point, it's actually not very surprising that preclusion would apply here, because by plaintiffs' own admission, the only reason they filed the complaint was to toll the running of the statute of limitations. They repeatedly told the district court while the arbitration was pending, because, of course, we were giving Judge Torres updates, quote, the parties are currently arbitrating the same federal causes of action. So is that an abandonment? What do we do with that? What is the legal significance of a representation like that? Does that mean they abandoned the issue? Does that mean there was full notice? Does that mean that we should understand it as it being incorporated in the arbitrator's decision to have considered all the claims? What do we do with that? On the representation that the causes of action were the same, I think it's one of the many bases for finding that race judicata bars the claims. I mean, they told Judge Torres, we are arbitrating the same federal causes of action that are in the pleading before you. So it's not so surprising that first Judge Lehrberger and then Judge Torres concluded this race judicata applied. Can you talk me through your response to the argument that the arbitrator, the arbitration panel could not have ordered the equitable relief that they sought? Well, they didn't ask the panel to order equitable relief at all, first of all. Second of all, I think the law is very clear that the panel has, if anything, more equitable power than a court would have sitting as a bunch of arbitrators. But that would only be true if the contract permitted it. Is that correct? I'm not sure that's correct, Judge Perez. I mean, I think as a general matter, arbitrators have very, very broad equitable power, and the issue that I think you're going to, which has to do with the equitization of the overrides, was raised to beat the band in the arbitration, but they never said, gee, arbitrators, you need to do this or do that with respect to that claim. Okay. Well, what do we do about the fact that ESRT was not a party to the arbitration agreement? Completely correct that ESRT was not a party to the arbitration, but Malkin Holdings, after the IPO, was a subsidiary of ESRT, right? It was renamed M-H-E-S-R-T-L-L-C, which is in our corporate disclosure statement and in their own second amended complaint. So the arbitrators, as I said, Judge Perez, have enormous equitable power. I'm sorry. And it's Bettis. Pardon? It's Bettis. My last name is Bettis. Oh, Perez. My apologies. No, don't apologize. Just get it right. I will do so, Your Honor. So the arbitrators, as I said, have enormous equitable power, and they had as a party to the arbitration a subsidiary of ESRT. So if they had wanted the relief they're now telling this Court that they're seeking, they could absolutely have teed that up with the arbitrators. So they've also conceded that something like 90% of the second amended complaint was in fact raised in the arbitration, and they've limited the appeal to count one and count six. Count one of the second amended complaint, they concede in their brief, all of those issues were raised, and they're falling back on the issue that was discussed with you, Judge Preska, of it's not good enough that the arbitrator said we've reviewed all these claims, which we think is completely incorrect. On count six, which is the Roll-Up Reform Act, that, too, was raised in their pre-hearing brief. There was extensive testimony in the arbitration about it, and it was clearly denied by the arbitrators with, I think, good reason, given that no limited partnership was ever involved in any of these proceedings, and there's a serious question whether there's a private right of action under those provisions as well. So we think the race judicata ruling is clearly correct. There's no need to go any further to affirm the ruling below, but, of course, there are all kinds of other grounds for a futility finding, whether it's collateral estoppel, whether it's statute of limitations, or failure to state a claim. But the Court doesn't really need to go there because Judge Slayerberger and Judge Torres both got it exactly right. Can you talk to us about the... Can I move on? Can we... Go already. Can we talk about the letter briefing? Certainly, Your Honor. That clearly was permitted under this Court's Leonis trading cases. It was exhaustive. It was thorough. I can make an argument that the parties had actually more opportunity to raise the salient legal issues before Judge Laird... But did they object in their January 2021 letter? I don't recall off the top of my head, Your Honor. But the fact of the matter is that they got every opportunity before Judge Slayerberger to go through, claim by claim, what they wanted to assert and why. He bent over backwards to be fair to them, as best exemplified by his opinion, very carefully going through, claim by claim, count by count... But doesn't that sound a bit like the burden was flipped for the plaintiff to have to show why their complaint shouldn't be dismissed? I don't think so, Your Honor. If you look at his opinion, he correctly cites the standards for motions for leave to amend. Right? It's right there in his opinion. And he's well aware of those standards. He applied them, and what he concluded applying the correct legal standards was there was no way that anything in the Second Amendment complaint would fly. So unless the Court has further questions, I'll sit down. Thank you. Thank you very much. And, Mr. Griggs, you have two minutes. Yes, thank you, Your Honor. I believe on the issue about the claim for abuse, the claim for abuse is really it's not a technical abuse of process. It is a claim that really picks up on the, under Regulation 14A, there's a statement that committing slander or libel against investors in the process of soliciting proxies is a violation of the rule, and that's the provision that we're trying to go with with the Second Amendment complaint. So these abuses were, as counsel said, were talked about in the arbitration, but they were the things that the arbitrators kept out of the arbitration and told us we could bring elsewhere. That's what we're trying to do in the proposed Second Amendment complaint. If the Court has no further questions, then that's all I have. Thank you very much, Your Honor. Thank you both very much. We will take this case under advisement.